## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Case No. 6:21-CR-1 |
| | ) |
| JERMEL LAWRENCE STOREY | ) In violation of: |
| also known as "Jah" | ) |
| | ) 18 U.S.C. §§ 924(c)████████ |
| DONNELL LAMONT MILLER | ) 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), |
| | ) (b)(1)(C) |
| MAGGIE LEE SMITH | ) 21 U.S.C. § 846 |
| also known as "Missy" | ) |
| | ) |
| CHARAY LAMONT TRENT | ) |
| | ) |
| RICKY DONNELL ABNER | ) |
| | ) |
| JASON LAMONT HAMLETTE | ) |
| also known as "Chi Chi" | ) |
| | ) |
| ADRIAN DEMONT MAYS | ) |
| | ) |
| JABARI MAURICE JOHNSON | ) |
| | ) |
| ████████████████████ | ) |
| | ) |
| ALONZO CHRISTOPHER | ) |
| MCDONALD | ) |
| also known as "Zo" | ) |
| | ) |
| JUAN ANTHONY VALDEZ | ) |
| | ) |
| ████████████████████ | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## FOURTH SUPERSEDING INDICTMENT

The Grand Jury charges that:

## COUNT ONE
### *Conspiracy to Distribute and Possess With Intent to Distribute Cocaine, Marijuana, and Cocaine Base*

1.      Beginning in or about January 2016, and continuing through in or about March 2021, in the Western District of Virginia, and elsewhere, the defendants, JERMEL LAWRENCE STOREY, DONNELL LAMONT MILLER, MAGGIE LEE SMITH, CHARAY LAMONT TRENT, RICKY DONNELL ABNER, JASON LAMONT HAMLETTE, ADRIAN DEMONT MAYS, JABARI MAURICE JOHNSON,                          ALONZO CHRISTOPHER MCDONALD, JUAN ANTHONY VALDEZ,

knowingly and intentionally combined, conspired, confederated, and agreed with other persons known and unknown to the Grand Jury, to commit the following offenses against the United States: to distribute and possess with the intent to distribute cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, marijuana, a Schedule I controlled substance, and cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

2.      With respect to JERMEL LAWRENCE STOREY, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

3.      With respect to DONNELL LAMONT MILLER, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

4.      With respect to MAGGIE LEE SMITH, the amount involved in the conspiracy attributable to her as a result of her own conduct, and the conduct of other conspirators reasonably foreseeable to her, is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

5.      With respect to RICKY DONNELL ABNER, the amount involved in the conspiracy attributable to his as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

6.      With respect to JASON LAMONT HAMLETTE, the amount involved in the conspiracy attributable to his as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

7.    With respect to ADRIAN DEMONT MAYS, the amount involved in the conspiracy attributable to his as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is 28 grams or more of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(B).

8.    With respect to JUAN ANTHONY VALDEZ, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five kilograms or more of a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A).

9.    Before JERMEL LAWRENCE STOREY committed the offense charged in this count, JERMEL LAWRENCE STOREY was convicted of possession with intent to distribute a Schedule I or Schedule II substance, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

10.    Before DONNELL LAMONT MILLER committed the offense charged in this count, DONNELL LAMONT MILLER was convicted of distribution of cocaine base, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and distribution of a Schedule I or Schedule II controlled substance, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15

years of the commencement of the instant offense.

11.     Before RICKY DONNELL ABNER committed the offense charged in this count, RICKY DONNELL ABNER was convicted of possession with intent to distribute cocaine and cocaine base, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

12.     Before JASON LAMONT HAMLETTE committed the offense charged in this count, JASON LAMONT HAMLETTE was convicted of possession with intent to distribute more than five grams of cocaine base, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and distribution of crack cocaine, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

13.     All in violation of Title 21, United States Code, Sections 846, 841(b)(1)(A), (B) and (C).

## COUNT TWO
### *Distribution of Controlled Substances*

14.     On or about January 27, 2020, in the Western District of Virginia, and elsewhere the defendant, JERMEL LAWRENCE STOREY, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

15.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT THREE
### *Possession with the Intent to Distribute of Controlled Substances*

16.     On or about November 22, 2020, in the Western District of Virginia, and elsewhere, JERMEL LAWRENCE STOREY, DONNELL LAMONT MILLER, and MAGGIE LEE SMITH, as principals and aiders and abettors, knowingly and intentionally possessed with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance.

17.     On or about November 22, 2020, in the Western District of Virginia and elsewhere, JERMEL LAWRENCE STOREY (1) was a member of a conspiracy, (2) the offense of knowingly and intentionally illegally possessing with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, was committed by a member of the conspiracy (3) the offense was committed while the coconspirator was a member of the conspiracy and (4) the offense was committed in furtherance of the conspiracy.

18.     Before JERMEL LAWRENCE STOREY committed the offense charged in this count, JERMEL LAWRENCE STOREY was convicted of possession with intent to distribute a Schedule I or Schedule II substance, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

19.     Before DONNELL LAMONT MILLER committed the offense charged in this count, DONNELL LAMONT MILLER was convicted of distribution of cocaine base, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and distribution of a Schedule I or Schedule II controlled

substance, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

20.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(B); Title 18, United States Code, Section 2 (aiding and abetting); and *Pinkerton v. United States*, 328 U.S. 640 (1946) (coconspirator liability).

## COUNT FOUR
### *Distribution of Controlled Substances*

21.     On or about February 11, 2020, in the Western District of Virginia, the defendant, MAGGIE LEE SMITH, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

22.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT FIVE
### *Possession with the Intent to Distribute of Controlled Substances*

23.     On or about February 14, 2020, in the Western District of Virginia, the defendant, MAGGIE LEE SMITH, knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

24.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT SIX
### *Distribution of Controlled Substances*

25.     On or about March 20, 2019, in the Western District of Virginia, the defendant, CHARAY LAMONT TRENT, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance.

26.    All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT SEVEN
### *Distribution of Controlled Substances*

27.    On or about April 25, 2019, in the Western District of Virginia, the defendant,

CHARAY LAMONT TRENT, knowingly and intentionally distributed and possessed with intent

to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance.

28.    All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT EIGHT
### *Distribution of Controlled Substances*

29.    On or about April 26, 2019, in the Western District of Virginia, the defendant,

CHARAY LAMONT TRENT, knowingly and intentionally distributed and possessed with intent

to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance.

30.    All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT NINE
### *Distribution of Controlled Substances*

31.    On or about May 3, 2019 in the Western District of Virginia, the defendant,

CHARAY LAMONT TRENT, knowingly and intentionally distributed and possessed with intent

to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance.

32.    All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT TEN
### *Distribution of Controlled Substances*

33.     On or about May 7, 2019 in the Western District of Virginia, the defendant,

CHARAY LAMONT TRENT, knowingly and intentionally distributed and possessed with intent

to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II

controlled substance.

34.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT ELEVEN
### *Possession with the Intent to Distribute of Controlled Substances*

35.     On or about May 5, 2020, in the Western District of Virginia, the defendant,

CHARAY LAMONT TRENT, knowingly and intentionally possessed with intent to distribute a

mixture and substance containing a detectable amount of cocaine, a Schedule II controlled

substance.

36.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT TWELVE
### *Possession of a Firearm in Furtherance of Drug Trafficking*

37.     On or about May 5, 2020, in the Western District of Virginia, the defendant,

CHARAY LAMONT TRENT, did knowingly possess a firearm, that is a Bryco Arms pistol, in

furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United

States, that is, possession with the intent to distribute controlled substances, in violation of Title

21, United States Code Section 841(a)(1), as charged in Count Eleven of this Fourth Superseding

Indictment.

38.     In violation of Title 18, United States Code, Section 924(c)(1)(A).

## COUNT THIRTEEN
### *Possession of a Firearm in Furtherance of Drug Trafficking*

39.     On or about January 26, 2021, in the Western District of Virginia and elsewhere, the defendant, JERMEL LAWRENCE STOREY, did knowingly possess firearms, that is an EP Armory AR Style Pistol, an Aero-Precision Rifle Model X15, a Glock .40 caliber Pistol Model 23, a Metroarms American Classic .45 Caliber Pistol, a North American Arms .22 Caliber Revolver, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code Section 841(a)(1) and 846, as charged in Count One of this Fourth Superseding Indictment.

40.     The Aero-Precision Rifle Model X15 knowingly possessed by JERMEL LAWRENCE STOREY was a short-barreled rifle as defined in 18 U.S.C. § 921(a)(8).

41.     In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(i).

## COUNT FOURTEEN
### *Possession of a Firearm in Furtherance of Drug Trafficking*

42.     On or about January 26, 2021, in the Western District of Virginia and elsewhere, the defendant, RICKY DONNELL ABNER, did knowingly possess firearms, that is an Eaglearms Rifle Model Eagle 15, a FNH Pistol Model 5-7, a Smith and Wesson Pistol Model 410S, a Smith and Wesson Pistol Model 686-2, a Taurus Pistol Model 1911, and a Springfield Armory Pistol Model XD5, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code Section 841(a)(1) and 846, as charged in Count One of this Fourth Superseding Indictment.

43.     In violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(C)(i).

## COUNT FIFTEEN
### *Distribution of Controlled Substances*

44.     On or about January 14, 2021, in the Western District of Virginia, the defendant, JASON LAMONT HAMLETTE, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

45.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT SIXTEEN
### *Distribution of Controlled Substances*

46.     On or about January 19, 2021, in the Western District of Virginia, the defendant, JASON LAMONT HAMLETTE, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

47.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT SEVENTEEN
### *Distribution of Controlled Substances*

48.     On or about February 5, 2021, in the Western District of Virginia, the defendant, JASON LAMONT HAMLETTE, knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

49.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT EIGHTEEN
### *Distribution of Controlled Substances*

50.    On or about February 26, 2021, in the Western District of Virginia, the defendant, JASON LAMONT HAMLETTE, knowingly and intentionally distributed and possessed with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance.

51.    Before JASON LAMONT HAMLETTE committed the offense charged in this count, JASON LAMONT HAMLETTE was convicted of possession with intent to distribute more than five grams of cocaine base, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense, and distribution of crack cocaine, a serious drug felony, for which he served more than 12 months imprisonment and for which he was released from serving any term of imprisonment related to that offense within 15 years of the commencement of the instant offense.

52.    All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(B).

## COUNT NINETEEN
### *Distribution of Controlled Substances*

53.    On or about February 17, 2021, in the Western District of Virginia, the defendant, ADRIAN DEMONT MAYS, knowingly and intentionally distributed and possessed with intent to distribute 28 grams or more of a mixture and substance containing cocaine base, a Schedule II controlled substance.

54.    All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(B).

## COUNT TWENTY
### *Distribution of Controlled Substances*

55.    On or about February 4, 2021, in the Western District of Virginia, the defendant,

ALONZO CHRISTOPHER MCDONALD and ▮▮▮▮▮▮▮▮▮▮▮ knowingly and intentionally distributed and possessed with intent to distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

56.     All in violation of Title 21, United States Code, Sections 841(a) and (b)(1)(C).

## COUNT TWENTY-ONE
### *Discharge of a Firearm in Furtherance of Drug Trafficking*

57.     On or about April 15, 2016, in the Western District of Virginia and elsewhere, the defendant, DONNELL LAMONT MILLER, did knowingly possess and discharge a firearm, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with the intent to distribute controlled substances, in violation of Title 21, United States Code Section 841(a)(1) and 846, as charged in Count One of this Fourth Superseding Indictment.

58.     In violation of Title 18, United States Code, Section 924(c)(1)(A)(iii).





## **FORFEITURE ALLEGATION**

65.     Upon conviction of the offenses alleged in Counts One through Twenty, the

defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section

853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly,

as the result of this offense; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses. The property subject to forfeiture includes:

a.   A 2015 Land Rover Range Rover SUV with Vehicle Identification Number: SALGS2TF4FA242130 and North Carolina Registration: FMK1820;

b.   $26,091.00 in United States currency seized from the person of Donnell Miller on the 1500 block of Florida Avenue, Lynchburg, Virginia on or about January 2, 2020; and

c.   $4,821.00 in United States currency seized from Maggie Smith at 1608 Florida Avenue, Lynchburg, Virginia on February 13, 2020;

d.   A 2005 Honda Pilot SUV registered to M.A., with North Carolina registration HDL1548 seized from 6000 Elm Cove Lane, Charlotte NC;

e.   $53,388.00 in United States currency seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

f.   $4,713.00 in United States currency seized from 6000 Elm Cove Lane, Charlotte, North Carolina, on January 26, 2021;

g.   An 18k Gold Audemars Piguet Royal Oak Offshore Watch with Serial Number J66712 seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

h.   A Stainless Steel and 18k Gold Cartier Santos Watch with Serial Number 749303YX seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

i.   A Stainless Steel Cartier Santos 30mm Diamond Watch with Serial Number

134155CD seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

j.  A 14k Gold 5.00 ct. Pear Diamond Engagement Ring seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

k.  A 14k Gold Custom 10 ct. Diamond Eternity Band seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

l.  An 18k Gold Invisible Set 4 ct. Diamond Dome Ring seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

m.  A 750 White Gold Cartier Diamond Love Bangle 17 with Serial Number CRD358885 seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

n.  A 14k White Gold 15 ct. Diamond Tennis Necklace seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

o.  A 14k Gold Custom Made 4 ct. Diamond Ring seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

p.  A Luis Vuitton NEO EOLE 55 Bag seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

q.  A Light Blue Chanel Purse seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

r.  A Tan Chanel Purse seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

s.  A Luis Vuitton purse seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

t.  An Unknown-type purse seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

u.  Louis Vuitton Trainer Sneakers Model 1A8KBA seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

v.  Louis Vuitton Trainer Sneakers Model 1A8PUE seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

w.  B27 Mid Top Dior H965 Charcoal Shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

x.  Christian Louboutin Vida Viva Flat Shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

y.  Louis Vuitton 1A3N7W Run Away Shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

z.  Christian Louboutin Spikes Orla Blue Shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

aa. Christian Louboutin Spikes Black Shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

bb. Christian Louboutin Spike Orlato Flat Shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

cc. 8440 Black shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021

dd. Chanel Sneakers Pink and White seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

ee. Dolce and Gabbana Bassa Maglina Shoes seized from 8525 Ridgeline Lane,

Charlotte, North Carolina, on January 26, 2021;

ff.  Gucci Ace GG Supreme Black shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021

gg. Dior Sneakers H065 seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

hh. Dior B23 Sneakers H565 seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

ii.  Versace Squalo Hiker DSU7886 Shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021

jj.  Buscemi 100mm Camou/Militare Clip Suede Shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021

kk. Buscemi 100mm Black high-top shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021

ll.  Luis Vuitton Black Fastlane 1A2CTP Shoes seized from 8525 Ridgeline Lane, Charlotte, North Carolina, on January 26, 2021;

mm.     $1,457 in United States Currency seized from 2106 Carrington Road, Lynchburg, Virginia on or about March 26, 2021;

nn. $7,011 seized from in United States Currency seized from 1516 McKinney Avenue, Lynchburg, Virginia on or about March 26, 2021.

The United States will also seek a forfeiture money judgment against the defendants in the amount equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

66.     Upon conviction of the offense alleged in Counts Twelve, Thirteen, and Fourteen,

the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense, including but not limited to:

    a.  a Bryco Arms pistol, model Jennings-Nine, with Serial Number 1493940, and ammunition;

    b.  an EP Armory AR Style Pistol, with No Serial Number, and ammunition;

    c.  an Aero-Precision Rifle Model X15 with Serial Number X124076, and ammunition;

    d.  a Glock .40 caliber Pistol Model 23 with Serial Number BFBE46, and ammunition;

    e.  a Metroarms American Classic .45 Caliber Pistol with Serial Number A12-05362, and ammunition;

    f.  a North American Arms .22 Caliber Revolver with Serial Number L183400, and ammunition;

    g.  an Eaglearms Rifle Model Eagle 15, with Serial Number SHM22-33004, and ammunition;

    h.  a FNH Pistol Model 5-7, with Serial Number 386306795, and ammunition;

    i.  a Smith and Wesson Pistol Model 410S, with Serial Number BAY7134, and ammunition;

    j.  a Smith and Wesson Pistol Model 686-2, with Serial Number AYY0005, and ammunition;

    k.  a Taurus Pistol Model 1911, with Serial Number NMC81383, and ammunition; and

l.   a Springfield Armory Pistol Model XD5, with Serial Number X5324001, and

ammunition.



68.   If any of the property described above as being subject to forfeiture, as a result of

any act or omission of the defendants:

   a.   cannot be located upon the exercise of due diligence;

   b.   has been transferred or sold to, or deposited with, a third party;

   c.   has been placed beyond the jurisdiction of the Court;

   d.   has been substantially diminished in value; or

   e.   has been commingled with other property that cannot be divided without

      difficulty;

the defendants shall forfeit to the United States any other property of the defendant, up to the

value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

69.   Criminal Forfeiture, pursuant to Title 18, United States Code, Sections 924(d),

981(a)(1)(C), Title 21, United States Code, Sections 853(a) and (p), and Title 28, United States

Code, Section 2461.

A TRUE BILL, this **25** day of August 2021.

*s/Foreman*
FOREPERSON

DANIEL P. BUBAR
ACTING UNITED STATES ATTORNEY